# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES | * | |
| | * | |
| v. | * | CRIM. NO. |
| | * | |
| | * | |
| | * | |
| | ***** | |

## ORDER REGARDING USE OF VIDEO CONFERENCING/TELECONFERENCING FOR FELONY PLEAS AND/OR SENTENCINGS

In accordance with Standing Order 2020-06, this Court finds:

_____ That the Defendant (or the Juvenile) has consented to the use of video teleconferencing/teleconferencing to conduct the proceeding(s) held today, after consultation with counsel; and

_____ That the proceeding(s) to be held today cannot be further delayed without serious harm to the interests of justice, for the following specific reasons:

See Attachment A

Accordingly, the proceeding(s) held on this date may be conducted by:

_____ Video Teleconferencing

_____ Teleconferencing, because video teleconferencing is not reasonably available for the following reason:

_____ The Defendant (or the Juvenile) is detained at a facility lacking video teleconferencing capability.

_____ Other:

*s/ Susan D. Wigenton*

Date:   June 9, 2020

_____

United States District Judge

## **ATTACHMENT A**

The Court finds that the guilty plea hearing to be held on June 9, 2020, cannot be further delayed without serious harm to the interests of justice, for the following reasons:

1. To ensure that the Court is not overwhelmed by cases and proceedings at the conclusion of this period of emergency. Currently, District Judges in New Jersey handle a substantially larger docket of cases than Judges in other Districts in the United States. New criminal cases continue to be assigned by the Court during the emergency. If the Court cannot resolve matters now by guilty plea, the resulting backlog will overwhelm the Court's ability to function effectively. The concern of such congestion and the particular harm that likely will be caused by delays in the processing of cases and matters in the future is particularly acute in this emergency, at least given that: (1) it is unknown when this emergency will subside and when the Court will be able to function at normal capacity (including, among other things, the empanelment of trial juries); and (2) this District's pre-existing shortage of District Court Judges which already has challenged the Court's ability to process and resolve cases. This District has six District Judge vacancies: two have been pending for more than five years; one has been pending almost three years; two have been pending for more than a year; and one has been pending almost a year. The Federal Judicial Conference has deemed the District's six vacancies judicial emergencies.

2. To permit defendant TARRY to obtain a speedy resolution of his case through an admission of guilt. Defendant TARRY has asked for this case to be resolved today by guilty plea.

3. To permit the Government to obtain a resolution of the case so that the Government, already operating in a restricted capacity due to the emergency, may appropriately focus its resources on other, emerging criminal matters. The Government has asked for this case to be resolved today by guilty plea.

4. To prevent overcrowding at the facilities housing pre-trial detainees. The detention facilities have a limited capacity. Detainees are transferred from the detention facilities to prison facilities only after they have been found guilty and sentenced.

       There is a constant influx of new detainees admitted to the detention facilities. If detainees cannot be transferred to prison facilities, the resulting backlog of detainees will overwhelm the detention facilities.

5.    To obtain a resolution to the case prior to the end of the time afforded the Government to prosecute such case under the Speedy Trial Act.